**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **GLEN EDWARD COMEAUX** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-1707** |
| **TEXAS DEPARTMENT OF**<br>**CRIMINAL JUSTICE, ET AL.** | **SECTION: "I" (5)** |

**REPORT AND RECOMMENDATION**

Plaintiff, Glen Edward Comeaux, is an inmate housed at the John B. Connally Unit of the Texas Department of Criminal Justice-Correctional Institution in Kenedy, Texas.    He has submitted a complaint pursuant to 42 U.S.C. § 1983 for which he seeks leave to proceed *in forma pauperis.*[1]    He alleges that Officers Basil Eronini and Martins Ochala of the aforementioned penal facility observed him having a seizure and failed to call for medical assistance.    (Rec. doc. 1).

Because Title 42 U.S.C. § 1983 does not contain a specific venue provision, venue is determined under the general venue provision found at Title 28 U.S.C. § 1391(b).    *See Jones v. Bales*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd*, 480 F.2d 805 (5th Cir. 1973).    Section 1391(b) provides that a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, . . . or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

---

[1]  The motion for leave to proceed as a pauper is deferred to the United States District Court for the Western District of Texas, San Antonio Division, for determination and collection pursuant to 28 U.S.C. § 1915.

At all relevant times, Plaintiff was incarcerated at the John B. Connally Unit, Texas Department of Criminal Justice-Correctional Institution in Kenedy, Texas, where the incident allegedly occurred.    Any Defendants may be found in Kenedy, Texas, Karnes County, which is located within the boundaries of the United States District Court for the Western District of Texas.    28 U.S.C. § 124(d)(4).    Accordingly, venue is not proper in the Eastern District of Louisiana.

If venue does not lie within a judicial district, the Court "shall dismiss, or if it be in the interest of justice, transfer" the case to the proper district.    28 U.S.C. § 1406(a); *see Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1998).    Here, the Court finds that transfer of this proceeding to the appropriate district, rather than dismissal, would promote efficient and fair adjudication and serve the interests of justice.

Accordingly, **IT IS RECOMMENDED** that the captioned matter be transferred to the United States District Court for the Western District of Texas, San Antonio Division.

The pending motion to proceed as a pauper (rec. doc. 2) is **DEFERRED** to the transferee court for consideration.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such

2

consequences will result from a failure to object.   *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[2]

New Orleans, Louisiana, this  22nd  day of _____September_____, 2021.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

---

[2] Douglass referenced the previously applicable ten-day period for the filing of objections.   Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.